## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD ERICKSON,<br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br>　　　　　　　Agency. | DOCKET NUMBER<br>AT-3443-07-0016-A-2<br><br><br>DATE: June 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Alice L. Covington, Washington, D.C., for the agency.

Jeffrey L. Sheldon, Esquire, Tampa, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The agency has filed a petition for review of the initial decision, which dismissed the appeal without prejudice. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The administrative judge dismissed the appellant's motion for attorneys' fees without prejudice pursuant to the parties' joint motion, pending the resolution of a related fee petition before the U.S. Court of Appeals for the Federal Circuit. *Erickson v. U.S. Postal Service*, MSPB Docket No. AT-3443-07-0016-A-2 (A-2), Attorney Fees File (AFF), Tab 9, Initial Decision (Sep. 29, 2014) (A-2 ID). The agency also filed a motion for the certification of an interlocutory appeal on the issue of whether the appellant had timely refiled the instant petition for attorneys' fees. AFF, Tab 7.[2]

¶3 In its timely-filed petition for review, the agency argues that rather than dismiss the appellant's motion for attorneys' fees without prejudice, the

---

[2] In his initial decision dismissing the action without prejudice, the administrative judge denied the agency's certification request because he had not yet ruled on the timeliness issue. A-2 ID at 2 n.2. The administrative judge also noted that the parties did not appear to dispute the fact that the appellant was on active duty with the U.S. Army during the pertinent time period, such that the provisions of the Servicemember's Civil Relief Act, 50 U.S.C. app. § 526(a), may serve to extend the refiling date at issue. A-2 ID at 2 n.2. We agree with the administrative judge's decision to deny the agency's certification request and expect that the parties will litigate this issue if necessary once the appellant's motion for attorneys' fees is refiled pursuant to this order.

administrative judge should have instead dismissed the motion as untimely refiled because the appellant missed the deadline for refiling it by 22 days. A-2, Petition for Review (PFR) File, Tab 1 at 4. The agency argues that the Servicemember's Civil Relief Act (SCRA) does not toll or stay the refiling deadline in this matter because it only applies to the statute of limitations for the initial filing of cases and therefore does not apply to case deadlines like the refiling date that is implicated here. *Id.* at 7. The agency also argues that even if the SCRA provides for tolling the relevant deadline, the appellant waived its protection by continuing to litigate his fee petitions before the Board and the Federal Circuit. *Id.* at 11-14. Lastly, the agency contends that the appellant has offered no other viable basis to excuse his untimeliness as he is bound by the mistakes of his attorney in missing the pertinent refiling deadline and that, pursuant to their fee agreement, the appellant himself will not suffer if his fee petition is denied because he is not responsible for attorney fees if his counsel's firm does not collect them from the agency. *Id.* at 14-16.

¶4 The appellant responds that the agency explicitly agreed to the dismissal without prejudice by not only consenting to the parties' joint motion to dismiss the action without prejudice, but by submitting the joint motion under the signature of the agency's counsel, who was the sole representative to sign the joint motion on the parties' behalf. PFR File, Tab 4 at 9-11. The appellant further argues that the agency's petition for review is not ripe for adjudication because the administrative judge, as he noted in the initial decision at issue, A-2 ID at 2 n.2, has not yet decided the issue of the timeliness of the appellant's refiled motion for attorneys' fees, PFR File, Tab 4 at 11-13. The appellant also contests the agency's interpretation of the SCRA, and asserts that because the agency raised its argument that the appellant waived the tolling provisions of the SCRA for the first time on review, the Board should not consider it. *Id.* at 13-24. The agency replies that considering the unique posture of the case, its participation in the parties' joint motion does not render its petition for review

inappropriate. PFR File, Tab 5 at 4-5. It further argues that the petition for review is ripe for decision and that its argument regarding the appellant's waiver of the protections of the SCRA is appropriate for consideration herein. *Id.* at 6-7. Additionally, we note that the record contains another Joint Motion for Further Dismissal Without Prejudice, this one endorsed by the appellant's counsel on behalf of both parties, seeking another dismissal until April 16, 2015, pending the decision of the U.S. Supreme Court on the appellant's petition for certiorari challenging the Federal Circuit's decisions on his attorneys' fee petition. PFR File, Tab 6.

¶5    An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and he may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *See, e.g.*, *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010) (citing *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009)); *see also* 5 C.F.R. §§ 1201.29, 1201.41(a)-(b). The Board will uphold the administrative judge's exercise of such an option when the circumstances so warrant. *Ryan v. Department of Homeland Security*, 112 M.S.P.R. 43, ¶ 4 (2009).

¶6    In dismissing this matter without prejudice, the administrative judge noted that the parties' proceedings before the Federal Circuit may render moot portions of the instant motion for attorneys' fees, circumstances which make such a dismissal appropriate on the cited grounds of administrative efficiency and fairness. A-2 ID at 2. Because the record shows that the parties may be waiting on the resolution of a pending petition for certiorari before the U.S. Supreme Court on the exact same issues, it appears that the administrative judge's justification for the dismissal of this case without prejudice remains apt. The parties may litigate the timeliness issue upon refiling and the administrative judge may address the parties' outstanding joint requests for further dismissal without

prejudice if necessary. Accordingly, we DENY the agency's petition for review and instruct the regional office to refile the appellant's motion for attorneys' fees.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.